UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES EDWARD PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BOSCH MARINE LLC and CUMMINS INC.,<br><br>　　　　Defendants. | *<br>*<br>*<br>*<br>*　　Civil Action No. 1:23-cv-10318-IT<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

August 14, 2024

TALWANI, D.J.

　　　　Plaintiff James Edward Patterson seeks damages and fees against Defendants Bosch Marine LLC ("Bosch Marine") and Cummins Inc. ("Cummins") for claims related to the purchase and installation of a boat engine. Compl. [Doc. No. 1-1]. Now pending before the court are Cummins's Motion for Judgment on the Pleadings [Doc. No. 30] and Motion to Strike [Doc. No. 40], and Patterson's Motion to Strike [Doc. No. 38] and Motion to Amend Complaint [Doc. No. 45] to dismiss certain claims. For the following reasons, both Motions to Strike [Doc. Nos. 38, 40] are GRANTED, Cummins's Motion for Judgment on the Pleadings [Doc. No. 30] is GRANTED in part and DENIED in part, and Patterson's assented to Motion to Amend Complaint [Doc. No. 45] is GRANTED.

**I.　　Factual Background as to Cummins as Alleged in the Complaint**

　　　　In December 2019, Patterson, the owner of the F/V SOPHIE (the "Vessel"), began discussions with Bosch Marine regarding the purchase of a boat engine manufactured by Cummins (the "Engine"). Compl. ¶ 13 [Doc. No. 1-1].

1

On December 23, 2019, Bosch Marine issued an invoice to Patterson along with a document titled "FV 'Sophie' Repower Estimate." Id. ¶ 19. Patterson claims that he purchased the Engine based in part on the implied warranties of good faith and fair dealing and fitness, and the warranty of merchantability. Id. ¶ 20. Patterson contends that Cummins "advertised and warranted… that the Engine… [met] certain specifications and would attain certain RPMs and speed[s]." Id. ¶ 22. However, according to Patterson, the Engine contained serious design flaws, manufacturing flaws, and poor conditions[1] such that the Engine was unsuitable and never operated as advertised. Id. ¶¶ 25-31.

In early 2020, Bosch Marine attempted to install the Engine on the Vessel. Id. ¶ 26. In March and April 2020, Bosch Marine conducted several sea trials on the Vessel to make the Engine operative. Id. ¶ 27. After these trials, Patterson contacted Bosch Marine, Cummins, and certified Cummins dealers to try to remedy the Engine's issues. Id. ¶ 31.

Patterson did not receive any paperwork regarding the warranty but was informed and believes that Cummins provided a warranty for the Engine on August 2, 2020. Id. ¶ 32.

On August 4, 2020, Patterson mailed a demand letter to Bosch Marine with a copy to a Cummins representative." Id. ¶ 33. In September 2020, Patterson contacted Steve Nadeau, a Marine Sales manager for Cummins. Id. ¶ 36. On September 11, 2020, Nadeau and a Cummins technical representative "came to the Vessel, plugged a computer into the Engine, and went for a ride on the Vessel" and told Patterson that someone from Cummins would contact him. Id. ¶¶ 37-38.

---

[1] Patterson alleges both that the Engine was defective when it left Cummins's control, Compl. ¶ 23 [Doc. No. 1-1], and that it was foreseeable that the Engine could be incorrectly installed and become defective when it left Cummins's control, id. ¶ 24.

Patterson did not hear back from Cummins, and so reached out to Nadeau, who told Patterson that "the Engine was performing properly and not reaching proper RPMs because of the propeller pitch." Id. ¶ 39. Patterson attempted to use other propellers, but this did not resolve the Engine's issues. Id. ¶ 40. In December 2020, Patterson purchased a new engine from a different manufacturer. Id. ¶ 42.

Patterson was unable to reach any Cummins representatives until May 2021 when he conducted a teleconference with a Cummins advocate and Escalations Executive and Leader. Id. ¶ 43. In September 2021, he conducted another telephone conference, this time with Cummins's David Sturdy, wherein Cummins allegedly admitted that "Bosch [Marine] was not a certified Cummins dealer…, that Cummins treated Patterson 'poorly,' and that Cummins had done a 'terrible job' in dealing with the situation and service regarding the Engine." Id. ¶ 44. A Twin Disc representative engaged by Sturdy to evaluate the Engine reportedly found no issues with the Vessel's transmission. Id. ¶ 45.

Patterson alleges that Defendants "represented and warranted that their engines (including the Engine at issue in this action) were designed and manufactured consistent with good industry practices, were fit and proper for the intended use, and/or were free from defects[,]" and that they have failed to honor and have breached their warranties. Id. ¶ 54.

Patterson claims that, as a result of Defendants' conduct, he has sustained substantial damages including the cost of the Engine and its installation, expenditures in connection with the Engine's design and manufacturing flaws and poor conditions, loss (or limitation) of use for extended periods of time, lost business values, lost fishing days and profits, diminution in value, and incidental and consequential damages, as well as costs and attorneys' fees. Id. ¶ 46.

## II. Procedural Background

On December 22, 2022, Patterson filed a Complaint in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Plymouth County against Bosch Marine and Cummins. See Compl. [Doc. No. 1-1].

Cummins removed the action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on federal question jurisdiction, Notice of Removal [Doc. No. 1], and Defendants answered, see Answers and Affirmative Defenses [Doc. No. 11] (Cummins), [Doc. No. 14] (Bosch Marine). Cummins subsequently filed the pending Motion for Judgment on the Pleadings [Doc. No. 30] seeking dismissal as to Cummins of Count III (Breach of Implied Warranty of Merchantability pursuant to M.G.L. c. 106, Section 2-314, et seq.), Count IV (Breach of Implied Warranty of Fitness for a Particular Purpose pursuant to M.G.L. c. 106, Section 2-314, et seq.), and Count V (Negligent Sale, Service, Installation, Repair, and Maintenance and Breach of Implied Warranty of Workmanlike Performance). Cummins also filed a declaration and exhibit in support of the motion, see Decl. of Steve Nadeau ISO Def. Cummins's Mot. for J. on the Pleadings ("Nadeau Decl.") [Doc. No. 32] and Ex. A [Doc. No. 32-1]. Patterson opposed the motion, and filed a Motion to Strike [Doc. No. 38] the declaration and exhibit. Patterson attached his own interrogatory responses to his opposition, see [Doc. No. 35-1]. Cummins in turn filed a Motion to Strike [Doc. No. 40] the interrogatory responses.

While these motions were pending, Plaintiff filed an assented to Motion to Amend Complaint [Doc. No. 45]. Plaintiff seeks leave to file an amended Complaint dismissing Counts I, II, VI, and XII as to both Defendants.

4

### III.    Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Where "a motion for judgment on the pleadings 'is employed as a vehicle to test the plausibility of a complaint, it must be evaluated as if it were a motion to dismiss.'" Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012). In evaluating a motion to dismiss, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (internal citations and quotations omitted).

In deciding such a motion, a court is ordinarily limited to considering "only the complaint, documents attached to it, and documents expressly incorporated into it." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014). When, however, "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998); see also  Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 26 F.3d 30, 33-34 (1st Cir. 2001) (the court may consider documents

outside of the pleadings, the authenticity of which are not disputed by parties, where the complaint sufficiently refers to the document itself or its terms). However, even "when [a] complaint's factual allegations are expressly linked to, and admittedly dependent upon" a document outside of the pleadings, courts will not consider that document if there is a challenge to its authenticity. See Beddall, 137 F.3d at 17 (citing Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988)).

"If on a motion under Rule 12(b)(6) or 12(c), matters outside of the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

### IV. Discussion

#### A. The Implied Warranty Claims

Cummins seeks judgment on Patterson's claims of breach of the implied warranty of merchantability (Count III) and breach of the implied warranty for fitness for a particular purpose (Count IV) on the ground that Patterson's implied warranty claims were expressly disclaimed.

Massachusetts law provides that "a warranty of merchantability is implied in sale of goods by a merchant unless properly disclaimed." Evans v. Daikin North America, LLC, 2019 WL 438340, at *5 (D. Mass. Feb. 4, 2019) (citing Mass. Gen. Laws c. 106, § 2-314(1)). To disclaim both the implied warranties of merchantability and fitness, the contract or express warranty language must be in writing, mention merchantability, and be conspicuous. M.G.L. c. 106, § 2-316(2). Conspicuousness is defined in M.G.L. c. 106, § 1-201 to mean a "term or clause . . . so written that a reasonable person against whom it is to operate ought to have noticed it."

Whether a disclaimer is "conspicuous" is a determination made by the court. Logan Equipment Corp. v. Simon Aerials, Inc., 736 F.Supp. 1188, 1197 (D. Mass. 1990).

The Complaint alleges that Patterson did not receive any paperwork regarding the warranty, but is informed and believes that Cummins provided a warranty for the Engine more than half a year after the sale, on August 2, 2020. Compl. ¶ 32 [Doc. No. 1-1].[2] Given this allegation, which the court accepts as true for the purpose of a motion for judgment on the pleadings, resolution of the implied warranty claims at the pleadings stage is inappropriate. See Transurface Carriers, Inc. v. Ford Motor Co., 738 F.2d 42, 43 (1st Cir. 1984) (considering receipt of warranty document in assessing applicability of warranty on appeal from motion for summary judgment).

Cummins argues that the court should consider the Nadeau Declaration [Doc. No. 32] and its accompanying exhibit, which Nadeau states is a true and accurate copy of the Cummins Commercial Marine Propulsion Warranty that applied to the Engine (the "Cummins Warranty"). Patterson contends that although the Complaint refers to warranties, the actual terms were not sufficiently incorporated into the Complaint to be considered on a motion for judgment on the pleadings. Pl.'s Mem. ISO Mot. to Strike 2 [Doc. No. 39]. He also argues that he has not had an opportunity to assess the authenticity of the Cummins Warranty. Id. at 3.

Cummins responds that allegations in Patterson's Complaint that rely on the express terms of the warranty constitute a "judicial admission" that the Cummins Warranty applied to the

---

[2] Patterson seeks to bolster this allegation with his own interrogatory responses. See [Doc. No. 35-1]. These interrogatory responses are unnecessary here, where the court is evaluating the allegations in the pleadings. They are also subject to Cummins' Motion to Strike [Doc. No. 40], which the court allows, as Patterson's own interrogatory responses are not part of his pleadings and do not fall under any of the exceptions that would allow their consideration on a motion to dismiss or for judgment on the pleadings.

engine. Def. Cummins Inc's Opp. to Pl.'s Mot. to Strike ("Def.'s Strike Opp.") 2 [Doc. No. 43]. Cummins further contends that the Cummins Warranty is central to Patterson's claims for breach of implied warranties, and that evaluating those claims will require consideration of the Cummins Warranty and its disclaimers.

While a warranty is central to the claims at issue, and while Patterson referred in the Complaint to warranties made by Cummins, see e.g. Compl. ¶¶ 22, 32, 54-55, 77-79, 83-85 [Doc. No. 1-1], Patterson disputes that he received the Cummins Warranty at the time of purchase, and he has not alleged or admitted that the Cummins Warranty is the warranty at issue here, or that the copy attached to the Nadeau declaration is authentic. See Beddall, 137 F.3d at 17. That Patterson references express warranties in his Complaint does not mean that the particular express warranty proffered by Cummins may be considered on a motion for judgment on the pleadings, particularly where Patterson disputes its receipt and authenticity. Accordingly, Patterson's Motion to Strike [Doc. No. 38] is granted and Cummins's Motion for Judgment on the Pleadings as to Counts III and IV is denied.

> B. ***Patterson Has Failed to State a Valid Claim as to Negligent Sale, Service, Installation, Repair, and Maintenance, and Breach of the Implied Warranty of Workmanlike Performance***

Cummins asserts that Patterson has failed to state a valid claim for negligence and breach of the implied warranty of workmanlike performance, because he has not sufficiently alleged that Cummins was involved in the service, repair, installation or maintenance of the Vessel or the engine. Cummins argues that Patterson has not pled that Cummins's ride on the Vessel to assess the Engine caused the Engine's faulty performance. Further, Cummins contends that, even if Patterson has sufficiently pled a negligence claim, that claim is barred by the economic loss doctrine.

8

The economic loss doctrine prohibits purely economic losses in tort cases unless the plaintiff alleges personal injury or property damage other than to the defective product itself. See East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 874 (1986). Economic loss is defined as "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property." Berish v. Bornstein, 437 Mass. 252, 268, 770 N.E.2d 961 (2002).

"The rationale underlying the economic loss doctrine is that damage to a product itself 'means simply that the product has not met the customer's expectations, or, in other words, that the customer has received "insufficient product value." The maintenance of product value and quality is precisely the purpose of express and implied warranties.' Sebago, Inc. v. Beazer E., Inc., 18 F. Supp.2d 70, 89-90 (D. Mass. 1998) (quoting East River, 476 U.S. at 872) (internal citation omitted).

Patterson has alleged damages for the cost of the Engine and its installation, expenditures in connection with the Engine's design and manufacturing flaws and poor conditions, loss (or limitation) of use for extended periods of time, lost business values, lost fishing days and profits, diminution in value, and incidental and consequential damages as well as costs and attorneys' fees, all of which are economic losses under Massachusetts law. Compl. ¶ 46 [Doc. No. 1-1]; see Berish, 437 Mass. at 268. He has not alleged any personal injury damages or damage to other property. See Compl. [Doc. No. 1-1]. Patterson's negligence claim is thus barred by the economic loss doctrine. See Ramcharran v. Carraro Graphic Equipment, Inc., 823 F.Supp. 63, 66 (D. Mass. 1993); Fairest-Knight v. Marine World Distributors, Inc., 652 F.3d 94, 99 (1st Cir. 2011). Because Patterson has alleged purely economic losses, he has failed to state a valid claim. See East River S.S. Corp., 476 U.S. at 874.

Negligent sale, service, installation, repair, and maintenance is an action in tort under Massachusetts law. See Ramcharran, 823 F.Supp. at 66. The First Circuit has held that, while the implied warranty of workmanlike performance does not impose a strict liability standard, a plaintiff can recover for a breach of the implied warranty of workmanlike performance even when "such performance was done without negligence." Fairest-Knight, 652 F.3d at 99 (citing SS Amazonia v. N.J. Export Marine Carpenters, Inc., 564 F.2d 5, 8 (2d Cir. 1997)). However, a plaintiff is still required to establish that defendant's conduct was the proximate cause of injury. Id.

Patterson does not allege that Cummins was involved in the Engine's installation. Compl. ¶ 26 [Doc. No. 1-1]. Moreover, Patterson does not sufficiently allege injury resulting from Cummins's service visit on September 11, 2020. Id. All defects that Patterson identifies in the Engine pre-date Cummins's service visit, and there is no allegation that Cummins's ride on the Vessel caused additional or further damage to the Engine. See id. at ¶¶ 37-38. In other words, there are no facts to suggest that Cummins's alleged breach of the implied warranty of workmanlike performance caused the Engine's problems. Because Patterson has not adequately alleged causation, his implied warranty of workmanlike performance claim also must be dismissed.

Accordingly, Count V is DISMISSED.

## V.   Conclusion

For the foregoing reasons, Patterson's Motion to Strike [Doc. No. 38] and Cummins's Motion to Strike [Doc. No. 40] are GRANTED. Cummins's Motion for Judgment on the Pleadings [Doc. No. 30] as to Count V is GRANTED and is otherwise DENIED. Patterson's Motion to Amend Complaint [Doc. No. 45] is GRANTED. Patterson may file an Amended

Complaint omitting Counts I, II, VI, and XII as to both Defendants and Count V as to Cummins no later than August 28, 2024.

    IT IS SO ORDERED

August 14, 2024                                          /s/Indira Talwani
                                                                                                    United States District Judge